UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAELA BAMBERGER** <br> 4300 Kansas Avenue, NW <br> Washington, DC 20011 | : <br> : <br> : |
| **Plaintiff,** | : |
| v. | : |
| **UNITED NATURAL FOODS INC.** <br> 313 Iron Horse Way <br> Providence, RI 02908 | : <br> : <br> :    Case No. _____ |
| <u>Serve:</u>  CT Corporation System <br>        1015 15th Street, NW, Suite 1000 <br>        Washington, DC 20005 | : <br> <br> : |
| and | : |
| **TESHAWN COOPER** <br> 1209 Argyle Avenue <br> Baltimore, MD 21217 | : <br> <br> : |
| **Defendants.** | |

**COMPLAINT FOR DAMAGES**
**(Negligence: Tractor-Trailer Strikes Cyclist)**

Plaintiff, Kaela Bamberger, through her attorneys, Patrick M. Regan, Christopher J. Regan, and the law office of Regan Zambri Long PLLC, respectfully demands judgment against Defendants, United Natural Foods Inc. and Teshawn Cooper, on the grounds and in the amount set forth below:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of parties.

2. The Court is a proper venue for this action under 28 U.S.C. § 1391(b)(2) because the acts out of which the action arises occurred in the District of Columbia.

## PARTIES

3. Plaintiff, Kaela Bamberger, is an adult resident of the District of Columbia.

4. Upon information and belief, Defendant United Natural Foods Inc. ("UNFI") is a Delaware corporation with its principal place of business in Rhode Island.

5. Upon information and belief, Defendant Teshawn Cooper is an adult resident of the State of Maryland.

6. Upon information and belief, as of December 12, 2019, UNFI was the owner of a tractor-trailer with VIN 1HSHXSNR7GH080093.

7. Upon information and belief, as of December 12, 2019, UNFI employed Defendant Cooper as a truck driver.

8. Upon information and belief, Defendant Cooper was acting within the course of his employment by UNFI at the time of the events described in the following section.

9. Upon information and belief, Defendant Cooper was acting within the scope of his employment by UNFI at the time of the events described in the following section.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

**FACTS**

10. Upon information and belief, Teshawn Cooper has been employed by UNFI as a tractor-trailer driver since at least 2015.

11. Throughout his employment with UNFI, Defendant Cooper routinely used his cell phone to take photos and record videos—some as long as 60 seconds—while driving tractor-trailers for UNFI in all manner of settings (including interstate highways, smaller highways, bridges, tunnels, and parking lots), in all kinds of weather conditions (from clear days, to heavy fog, to wintery mix), and in all kinds of traffic and speed conditions.

12. Beginning in at least 2015, Defendant Cooper posted dozens of these photos and videos to publicly available social media sites, including Instagram and Facebook.

13. On the morning of December 12, 2019, Kaela Bamberger was commuting on her bicycle, riding southbound on 4th Street NE in a marked bike lane.

14. When Ms. Bamberger reached 4th Street's intersection with Massachusetts Avenue, the light facing her was red, so she stopped at the stop line, taking one foot off the pedal as a kickstand in the marked bike lane.

15. When Ms. Bamberger came to a stop, to her left was a tractor-trailer owned by UNFI and driven by Defendant Cooper.

16. When the light turned green, Ms. Bamberger put her foot back on the pedal and began to move straight ahead through the intersection, still in the bike lane (which was clearly marked all the way across the intersection).

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

17. Defendant Cooper, distracted and/or not paying attention to his surroundings, turned the tractor-trailer right (onto westbound Massachusetts Avenue), across the bike lane, striking Ms. Bamberger on her left side, knocking her to the asphalt, and beginning to run over her.

18. With Ms. Bamberger and several witnesses screaming, the tractor-trailer came to a stop.

19. Ms. Bamberger was taken from the scene by ambulance to MedStar Washington Hospital Center's emergency department, where she received treatment for her severe injuries.

20. As a direct result of the collision, Ms. Bamberger suffered severe physical injuries, including but not limited to multiple fractures to the spine, sacrum, hip, and femur, which required that she undergo numerous surgical procedures, including a splenectomy, and have left her with permanent disfigurement, nerve damage, and other impairments.

21. As a further direct result of the collision, Ms. Bamberger has incurred, and will continue to incur, substantial medical expenses; has incurred, and will continue to incur, substantial wage losses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

## COUNT I
### (Negligence, Negligence *Per Se*)

22. Plaintiff incorporates the foregoing paragraphs by reference.

23. At all times relevant, Defendant Cooper owed a duty to Ms. Bamberger and others on the road to drive his tractor-trailer in a safe, prudent, and appropriate manner consistent with the applicable motor vehicle safety and traffic laws.

24. Defendant Cooper breached that duty in the following ways:

   a. by failing to properly adjust the mirrors on his truck;

   b. by failing to pay full time and attention to the operation of the truck;

   c. by failing to keep a proper lookout while driving the truck;

   d. by failing to ensure there were no cyclists alongside his truck in the marked bike lane before attempting to turn;

   e. by driving while distracted;

   f. by failing to maintain proper control of his truck;

   g. by veering out of his lane and into a marked bike lane without first ensuring it was safe to do so;

   h. by failing to properly yield the right-of-way to Ms. Bamberger;

   i. by failing to timely apply brakes or otherwise take appropriate action(s) to avoid or minimize the effects of a collision; and/or

   j. by otherwise failing to adhere to the applicable traffic and motor vehicle regulations then and there in effect.

25. In breaching this duty, Defendant Cooper violated road-safety statutes and regulations that were in full force and effect in the District of Columbia at the time, including without limitation the following: 18 DCMR § 2201, 18 DCMR § 2202; 18 DCMR § 2203, 18 DCMR § 2204, 18 DCMR § 2205, 18 DCMR § 2206, 18 DCMR § 2213, and 18 DCMR § 2220. As a result, Defendant Cooper was negligent *per se* under District of Columbia law.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 5 -

26. At the time of the negligent driving set forth above, Defendant Cooper was acting within the course and scope of his employment by UNFI; therefore, UNFI is liable for his negligent acts and/or omissions under the doctrine of *respondeat superior*.

27. As a direct and proximate result of Defendant Cooper's negligence, Ms. Bamberger suffered the injuries and damages set forth above.

## COUNT II
### (Negligent Employment)

28. Plaintiff incorporates the foregoing paragraphs by reference.

29. As a result of his at least documented, four-plus-year history of distracted driving, Defendant Cooper posed an obvious risk to others on the road well before the time he struck Ms. Bamberger; he was therefore unfit to continue driving tractor-trailers as he had been.

30. UNFI knew or (if acting as a reasonably competent trucking company) should have known of Defendant Cooper's unfitness to continue driving tractor-trailers and that his unfitness created an obvious risk to others on the road.

31. Defendant Cooper's unfitness to drive tractor-trailers was a cause of Ms. Bamberger's injuries and damages set forth above.

32. UNFI's negligence in supervising, retaining, and failing to train Defendant Cooper despite his documented, four-plus-year history of distracted driving was a substantial factor in causing Ms. Bamberger's injuries and damages set forth above.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

WHEREFORE, Plaintiff, Kaela Bamberger, demands judgment against Defendants, United Natural Foods Inc. and Teshawn Cooper, jointly and severally, in the full and just amount of Fifteen Million Dollars ($15,000,000.00), plus interest and costs.

### **JURY DEMAND**

Plaintiffs request a trial by jury on all of the above claims.

>Respectfully submitted,
>
>REGAN ZAMBRI LONG PLLC
>
>By:  /s/ *Patrick M. Regan*
>Patrick M. Regan        D.C. Bar No. 336107
>pregan@reganfirm.com
>Christopher J. Regan     D.C. Bar No. 1018148
>cregan@reganfirm.com
>1919 M Street, NW, Suite 350
>Washington, DC 20036
>PH:  (202) 463-3030
>Fx:  (202) 463-0667
>*Counsel for Plaintiff*