**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KAELA BAMBERGER** | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| **UNITED NATURAL FOODS INC.** | : | **Case No. 1:21-cv-00018-FYP** |
| **and** | : | |
| **TESHAWN COOPER** | : | |
| **Defendants.** | : | |

**PLAINTIFFS' MOTION TO COMPEL**
**ANSWER TO INTERROGATORY NO. 24 AND DEPOSITION**

## I. Relevant Factual Background

On December 12, 2019, a tractor-trailer driven by UNFI[1] employee Teshawn Cooper struck bicyclist Kaela Bamberger, who was riding with a green light and within a marked bike lane, as it turned right from southbound 4th Street NE onto westbound Massachusetts Avenue. (Compl. ¶¶ 10-18). As a result, Ms. Bamberger suffered severe physical injuries, including but not limited to multiple fractures to the spine, sacrum, hip, and femur, which required that she undergo numerous surgical procedures, including a splenectomy, and have left her with permanent disfigurement, nerve damage, and other impairments. (Compl. ¶ 20). To date, she has incurred roughly $700,000 of medical bills. Currently 30 years old, Ms. Bamberger will require extensive future medical care, which will cost more than $2 million (present value).

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

[1] Defendant United Natural Foods Inc.




Discovery revealed that in the minutes immediately preceding the collision, UNFI's driver had made a delivery to the Giant Foods at 3rd and H Streets, then, from Giant's loading dock, had circled around the block and driven southbound on 4th Street from I Street down to the intersection where he struck Ms. Bamberger. The tractor-trailer's route is marked in blue at right.

H Street is a designated truck route. The entire stretch of 4th Street driven by UNFI's driver, on the other hand, is a neighborhood street with only one traffic lane and a marked bike lane. More importantly, it is designated as a "no thru trucks" street, with double signage at every intersection along the way: "NO THRU TRUCKS OVER TWO AXLES" and "NO THRU TRUCKS OVER 1 ¼ TON CAPACITY." (*See* Ex. 1, Report of Donald Orr). Approximate locations of the signs are marked with red stars at right.

The following photograph shows the signs that were in place as of the date of the incident:

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030




The signage in question was posted pursuant to 18 DCMR 2505.6, which provides as follows:

> 2505.6. Whenever authorized signs are erected indicating a truck restriction, no person shall operate the type of truck prohibited on the street, except that the prohibited truck may be operated on the street or portions of the street for the sole purpose of making a delivery or pickup and then only by entering the street at the intersection nearest to the destination of the truck and proceeding on the street no further than the next intersection after the delivery or pickup has been completed.

Plaintiff brought this action against UNFI and its driver. The Complaint sets forth two counts: (1) negligent driving by Mr. Cooper for which UNFI is vicariously liable and (2) negligent employment. On October 3, 2022, Plaintiff served on Defendant UNFI her Interrogatory No. 24; on November 16, Defendant answered it as follows:

> 24. Identify (*see* Instruction D, above) the United Natural Foods Inc. employee most knowledgeable on the topic of the meaning of "NO THRU TRUCK" signage in the District of Columbia (including, without limitation, "NO THRU TRUCKS OVER TWO AXLES" and "NO THRU TRUCKS OVER 1¼ TON CAPACITY" signage). If no United Natural

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

> Foods Inc. employee is knowledgeable on the topic of the meaning of "NO THRU TRUCK" signage in the District of Columbia, then so state.
>
> **ANSWER:** Defendant objects to this interrogatory on the grounds that it is overly broad, not properly limited in time or scope and is unduly burdensome.

(Ex. 2, Def.'s Answers to Pl.'s 2d Interrogatories.).

## II. LCvR 7(m) Certification

Over the course of the four weeks since, undersigned counsel and defense counsel have in good faith discussed the matter at length by email, phone, and Zoom meeting; however, they have not been able to resolve the dispute without the Court's assistance. Defense counsel requested consent for an extension of time, until January 9, 2023, to oppose this Motion; undersigned counsel consents.

## III. Argument

### A. Defendant UNFI must provide a substantive answer to Interrogatory No. 24 because the information sought is relevant to Plaintiff's claims and proportional to the needs of the case.

Defendant UNFI is a large trucking company that has multiple drivers working routes in the District of Columbia every day. Nevertheless, it has admitted that it never provided training to those drivers (or Mr. Cooper, at any rate) regarding the District's laws regarding "no thru truck" streets. (Ex. 2 at Interrogatory No. 23). Interrogatory No. 24 seeks to determine whether anyone higher up at Defendant UNFI was even aware of those laws. It is relevant to the case.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Defendant UNFI's three boilerplate objections do not pass muster. Each will be addressed briefly, in order.

Defendant first asserts that Interrogatory No. 24 is "overly broad." It is not. The information sought is quite specific, and it is relevant to Plaintiff's claims and proportional to the needs of the case, as required by Rule 26.

Defendant contends that Interrogatory No. 24 is "not properly limited in time or scope." The interrogatory is written in the present tense. The time is now, and that is a sufficient limitation. Scope is addressed in the foregoing paragraph.

Finally, Defendant contends that Interrogatory No. 24 is unduly burdensome. Again, it is unclear how that might be so. Interrogatory No. 24 could be answered in full by providing a first name, last name, and job title. How many internal emails could it possibly take to identify the correct person? On the other hand, it seems entirely possible that no one at UNFI had any knowledge of even the basic framework of District of Columbia law regarding "no thru truck" streets. One can understand why Defendant UNFI might not want to admit such a thing, but that does not make the information any less discoverable.

### B. Plaintiff requests leave to take the deposition of the person identified in response to Interrogatory No. 24 after the close of discovery.

At the time Interrogatory No. 24 was first served, undersigned counsel by email requested that defense counsel provide deposition dates for the person who would be identified in response to Interrogatory No. 24. (Ex. 3, Regan Email 10/3/2022). On December 2, Plaintiff served on defense counsel a deposition notice as formal notice of

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

the same request. (Ex. 4). Defense counsel informed undersigned counsel that no deponent would be appearing. Discovery closes on December 16, 2022.

Plaintiff respectfully requests that, in addition to ordering Defendant to identify a person in response to Interrogatory No. 24, the Court also order Defendant to produce that person for a deposition on a mutually agreed date within 30 days of the Court's order.

## IV. Conclusion

For the reasons set forth above, the Court should grant Plaintiff's Motion to Compel Answer to Interrogatory No. 24 and Deposition.

Dated: December 16, 2022

Respectfully submitted,

REGAN ZAMBRI LONG PLLC

By: /s/ *Christopher J. Regan*
Patrick M. Regan D.C. Bar No. 336107
pregan@reganfirm.com
Christopher J. Regan D.C. Bar No. 1018148
cregan@reganfirm.com
1919 M Street, NW, Suite 350
Washington, DC 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030