UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAELA BAMBERGER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED NATURAL FOODS INC.,** *et al.*,<br><br>**Defendants.** | No. 21-cv-18-ACR-ZMF |

### MEMORANDUM OPINION AND ORDER

This personal injury action is before the undersigned on Plaintiff Kaela Bamberger's ("Plaintiff" or "Ms. Bamberger") Motion to Compel, *see* Pl.'s Mot. Compel Answer to Interrog. No. 24 & Dep. ("Pl.'s Mot. Compel"), ECF No. 14, and Defendants United Natural Foods, Inc. ("UNFI") and Teshawn Cooper's (collectively "Defendants'") Motion to Compel, *see* Mot. Compel Examination with Vocational Rehabilitation Counselor ("Defs.' Mot. Compel"), ECF No. 17. Upon consideration of the record and for the reasons set forth below, the Court GRANTS Plaintiff's motion and DENIES Defendants' motion.

**I.   BACKGROUND**

   A.   Factual Background

On December 12, 2019, Ms. Bamberger biked through the Massachusetts Avenue and 4th Street NE intersection in Washington, D.C. *See* Compl. ¶¶ 13–14, ECF No. 1. Ms. Bamberger claims that as she proceeded through a green light in a protected bicycle lane, Mr. Cooper turned right from 4th Street NE onto Massachusetts Avenue in an eighteen-wheeler truck owned by UNFI. *See id.* ¶¶ 15–17. The truck allegedly struck Ms. Bamberger, causing injuries to her spine, sacrum, hip, and femur. *See id.* ¶ 20. Ms. Bamberger alleges that prior to the incident, Mr. Cooper drove

1

several blocks southbound on 4th Street NE in violation of approximately ten "No Thru Truck" signs. *See* Pl.'s Mot. Compel at 2. Defendants concede that Mr. Cooper was acting within the course of his employment by UNFI at the time of the collision. *See* Answer 3, ECF No. 6; Compl. ¶¶ 8–9. Ms. Bamberger claims that she has incurred roughly $700,000 in medical bills and that her future medical care will cost at least $2 million. *See* Pl.'s Mot. Compel at 1.

B.  Procedural History

On January 6, 2021, Ms. Bamberger filed a complaint alleging (1) negligent driving by Mr. Cooper for which UNFI is vicariously liable, and (2) negligent employment. *See* Compl. ¶¶ 22–32. On February 12, 2021, the case proceeded to discovery. *See* Min. Order (Feb. 12, 2021). On December 16, 2022, discovery closed. *See* Min. Order (June 21, 2022). On January 24, 2023, the assigned District Judge referred the two discovery disputes detailed below to the undersigned. *See* Min. Order (Jan. 24, 2023).

II. **LEGAL STANDARD**

"If a party seeking discovery is unsatisfied with the opposing party's response or lack thereof, it may move the court to compel discovery if good-faith attempts to resolve the dispute without court intervention are unsuccessful." *Inova Health Care Servs. for Inova Fairfax Hosp. & Its Dep't, Life With Cancer v. Omni Shoreham Corp.*, No. 20-cv-784, 2021 WL 6503725, at *2 (D.D.C. Jan. 29, 2021) (citing Fed. R. Civ. P. 37(a)(1)). "The proponent of the motion to compel bears the initial burden of proving that the information sought is relevant," *United States v. Sum of $70,990,605*, 305 F.R.D. 20, 24 (D.D.C. 2015) (quoting *Alexander v. FBI*, 186 F.R.D. 154, 159 (D.D.C. 1999)), and that "the opposing party's answers were incomplete," *Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 6 (D.D.C. 2017) (quoting *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007)). Although "relevance for discovery purposes is

broadly construed," *Jewish War Veterans of U.S., Inc. v. Gates*, 506 F. Supp. 2d 30, 42 (D.D.C. 2007) (cleaned up), "it remains subject to [Federal Rule of Civil Procedure ("Rule")] 26's limitations, and 'does not encompass discovery of information with no conceivable bearing on the case.'" *Inova Health Care Servs.*, 2021 WL 6503725 at *2 (quoting *Anton v. Prospect Café Milano, Inc.*, 233 F.R.D. 216, 218 (D.D.C. 2006)). "If the movant satisfies [its] burden, the burden then shifts to the non-movant 'to explain why discovery should not be permitted.'" *Oxbow Carbon & Mins.*, 322 F.R.D. at 6 (quoting *Jewish War Veterans*, 506 F. Supp. 2d at 42).

**III.   DISCUSSION**

      **A.**   <u>Plaintiff's Motion to Compel Response to Interrogatory 24</u>

          1.   *Discovery Standard*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed R. Civ. P. 26(b)(1). "[A] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *In re Denture Cream Prods. Liab. Litig.*, 292 F.R.D. 120, 123 (D.D.C. 2013) (cleaned up). Under Rule 33, parties may submit interrogatories that "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "A party to whom an interrogatory is propounded must provide true, explicit, responsive, complete, and candid answers." *Equal Rights Ctr.*, 246 F.R.D. at 32 (cleaned up). "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). "Any ground not stated in a timely objection"—with the requisite level of specificity—"is waived unless the court, for good cause, excuses the failure." *Id.*

2. *Interrogatory 24 Procedural History*

On October 3, 2022, Ms. Bamberger served Defendant UNFI with a second set of interrogatories. *See* Pl.'s Mot. Compel at 3. Interrogatory 24 stated:

> Identify . . . the [UNFI] employee most knowledgeable on the topic of the meaning of "NO THRU TRUCK" signage in the District of Columbia (including, without limitation, "NO THRU TRUCKS OVER TWO AXLES" and "NO THRU TRUCKS OVER 1¼ TON CAPACITY" signage). If no [UNFI] employee is knowledgeable on the topic of the meaning of "NO THRU TRUCK" signage in the District of Columbia, then so state.

Pl.'s Mot. Compel, Ex. 2, Def. UNFI's Answers to 2d Set of Interrogs. ("Interrogs. Resps.") 2, ECF No. 14-2. On November 11, 2022, UNFI provided objections and responses to the second set of interrogatories. *See id.* at 1–4. In response to Interrogatory 24, UNFI objected, "on the grounds that it is overly broad, not properly limited in time or scope and is unduly burdensome." *Id.* at 2.

On December 16, 2022, Ms. Bamberger filed a motion to compel UNFI's answer to Interrogatory 24 and requested leave to depose whoever is identified in UNFI's response. *See* Pl.'s Mot. Compel at 4–6. On January 9, 2023, Defendants filed their response. *See* Opp'n Pl.'s Mot. Compel ("Defs.' Opp'n"), ECF No. 16. On January 17, 2023, Ms. Bamberger filed her reply. *See* Reply Supp. Pl.'s Mot. Compel Answer Interrog. No. 24 & Dep. ("Pl.'s Reply"), ECF No. 19.

3. *Defendants Must Answer Interrogatory 24*

Defendants' response to Interrogatory 24 consists of "boilerplate general objections." *DL v. District of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (cleaned up); *see* Interrogs. Resps. at 2. But Defendants "cannot evade [the specificity] provision [of Rule 33(b)(4)] by throwing multiple grounds for objection at the wall and hoping some will stick[.]" *Inova Health Care Servs.*, 2021 WL 6503725, at *3; *see* Interrogs. Resps. at 2. Without "sufficient specificity[,]" this Court cannot "evaluate [the objections'] merits." *DL*, 251 F.R.D. at 43. Accordingly, Defendants' "fail[ure] to

4

substantiate [their] objections with any specificity" is fatal to their attempt to evade responding to Interrogatory 24. *Inova Health Care Servs.*, 2021 WL 6503725, at *3; *see* Interrogs. Resps. at 2.

Moreover, "the information sought is clearly relevant [and proportional] to [Ms. Bamberger's] claims" of negligent driving and negligent employment. *Inova Health Care Servs.*, 2021 WL 6503725, at *3; *see* Fed. R. Civ. P. 26(b)(1). Ms. Bamberger is "entitled to discover potential witnesses with knowledge of facts underlying the lawsuit." *Banks v. Off. of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 14 (D.D.C. 2004). Pertinently, Interrogatory 24 requests the name of a single individual employed by UNFI who is knowledgeable about "No Thru Truck" signs in the District of Columbia. *See* Interrogs. Resps. at 2. Given that Mr. Cooper purportedly drove the UNFI truck through ten "No Thru Truck" signs immediately before the incident, such information has at least a "conceivable bearing on the case." *Anton*, 233 F.R.D. at 218 (cleaned up); *see* Pl.'s Mot. Compel at 2. The lack of a UNFI employee with such knowledge may be relevant to demonstrating UNFI's negligence. *See Pederson v. Preston*, 250 F.R.D. 61, 67 (D.D.C. 2008) ("Whether plaintiff seeks to prove his point by the existence of responsive evidence or by a lack thereof is inconsequential, so long as the information sought is relevant to [the] underlying claim."). Conversely, if an employee was aware of the rule, Ms. Bamberger will have relevant questions about whether that employee trained UNFI truck drivers on said rule, which again goes to possible negligence. *See English v. Wash. Metro. Area Transit Auth.*, 323 F.R.D. 1, 24 (D.D.C. 2017) (finding requested information "highly relevant" to the plaintiff's "negligence claims" because "safety policies and information about driver training would provide evidence of how [the defendant] expect[ed] . . . drivers to operate"). In addition, because Defendants can answer Interrogatory 24 "in full by providing a first name, last name, and job title[,]" Pl.'s Mot. Compel at 5, the Court is "incredulous at [Defendants'] hyperbolic concern that responding to this

interrogatory" would force them into a wild goose chase, *Inova Health Care Servs.*, 2021 WL 6503725, at *4; *see* Defs.' Opp'n at 5.

Defendants' opposition focuses almost exclusively on whether the interrogatory impermissibly calls "a lay person to provide expert testimony" on D.C. traffic law. Defs.' Opp'n at 3. Such an argument has no bearing on Defendants stated objections: the breadth, scope, or time of Plaintiff's interrogatory, or on whether it imposes an undue burden. *See* Interrogs. Resps. at 2. And "it is not this Court's role to . . . read between the lines of [Defendants'] cut-and-paste objections." *Inova Health Care Servs.*, 2021 WL 6503725, at *3. Because Defendants failed to timely and specifically make this objection, it is "waived." *Caudle v. District of Columbia*, 263 F.R.D. 29, 33 (D.D.C. 2009).

Thus, the Court orders Defendants to supplement their response to Interrogatory 24.

B. <u>Defendant's Motion to Compel Examination of Plaintiff by a Vocational Rehabilitation Expert</u>

1. *Discovery Standard*

Rule 35 grants courts the discretionary authority to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The "order" may only be issued "on motion for good cause" and after "notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A). Rule 35's requirement for good cause imposes a higher standard than other discovery provisions. *See Schlagenhauf v. Holder*, 379 U.S. 104, 117–18 (1964).

2. *Expert Discovery and Examinations of Ms. Bamberger*

Ms. Bamberger identified three expert witnesses: Dr. Craig Lichtblau, a physiatrist and vocational rehabilitation expert ("VRE"), and Drs. Jerome Paige and Subodh Mathur, both forensic economists. *See* Defs.' Mot. Compel ¶ 3. Dr. Lichtbau based his conclusions on virtual and in-

6

person examinations of Ms. Bamberger. *See* Pl.'s Opp'n Defs.' Mot. Compel. ("Pl.'s Opp'n"), Ex. 3, Comprehensive Rehabilitation Re-Evaluation 8, ECF No. 20-3. Drs. Paige and Mathur based their conclusions on Dr. Lichtblau's evaluation reports and Ms. Bamberger's answers to Defendants' interrogatories. *See* Pl.'s Opp'n, Ex. 5, Report on Kaela Bamberger's Economic Losses ("Economic Losses Report") 3, ECF No. 20-5. Plaintiff shared the experts' reports with Defendants. *See* Defs.' Mot. Compel at 3.

In July 2021, Defendants deposed Ms. Bamberger. *See* Pl.'s Opp'n 2, ECF No. 20. The deposition was video recorded. *See id.* at 11. Defendants identified Dr. Andrew V. Panagos, a physical medicine and rehabilitation specialist, as an expert witness. *See id.* at 15. On November 18, 2022, Ms. Bamberger submitted to an independent medical examination by Dr. Panagos pursuant to Rule 35. *See* Defs.' Mot. Compel ¶ 11. On January 9, 2023, Defendants moved to compel Ms. Bamberger to submit to an examination with VRE Trudy Koslow pursuant to Rule 35. *See id.* at 1. On January 23, 2023, Ms. Bamberger filed her opposition. *See* Pl.'s Opp'n. Defendants did not file a reply. *See* Docket.

       3.    *Examination by VRE*

           a.    Rule 35 Covers VREs

Plaintiff "asserts that the language of Rule 35 does not cover vocational examinations, and that the Advisory Committee Notes did not make reference to them when the Rule was amended in 1991." *Storms v. Lowe's Home Ctrs., Inc.*, 211 F.R.D. 296, 297 (W.D. Va. 2002); *see* Pl.'s Opp'n at 9. However, post-1991 caselaw suggests that Rule 35's expansion brought vocational examinations within the ambit of the rule, so long as the threshold requirements for "in controversy" and "good cause" are met. *See Storms*, 211 F.R.D. at 297 (collecting post-1991 cases); *see also Fischer v. Coastal Towing Inc.*, 168 F.R.D. 199, 201 (E.D. Tex.1996) (finding that

7

a VRE is a "suitably licensed or certified examiner" under Rule 35, but failing to address whether a vocational exam is a "physical or mental examination"); *Jefferys v. LRP Publications, Inc.*, 184 F.R.D. 262, 263 (E.D. Pa. 1999) (finding that a VRE is a "suitably licensed or certified examiner" and finding that a pure vocational evaluation is a "physical or mental examination" within the spirit and letter of Rule 35).

       b.   There is Not Good Cause

Good cause is not established "when other and adequate evidence is available for a vocational expert's review." *See Storms*, 211 F.R.D. at 298 (citing *Shumaker v. West*, 196 F.R.D. 454 (S.D.W. Va. 2000); *In re Falcon Workover Co.*, 186 F.R.D. 352 (E.D. La. 1999)). Adequate evidence includes a plaintiff's medical records, deposing a plaintiff, and records from a plaintiff's VRE. *See, e.g.*, *Stanislawski v. Upper River Servs., Inc.*, 134 F.R.D. 260, 262 (D. Minn. 1991); *Storms*, 211 F.R.D. at 298; *Soudelier v. Tug Nan Servs., Inc.*, 116 F.R.D. 429, 430 (E.D. La. 1987).

Here, Defendants have received "all of [Ms. Bamberger's] medical [and employment] records, ha[d] the opportunity to depose the claimant, and [were] provided with the results of tests performed by claimant's vocational expert." *In re Falcon Workover Co., Inc.*, 186 F.R.D. at 353 (citing *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 209 (5th Cir. 1990); *Stanislawski*, 134 F.R.D. at 262); *see* Defs.' Mot. Compel ¶¶ 3–12; Pl.'s Opp'n at 2, 11 n.5, 15. Defendants also received the two comprehensive evaluation reports completed by Plaintiff's VRE. *See* Defs.' Mot. Compel ¶¶ 3–8. The undersigned therefore concludes that Defendants possess "ample material [that Ms. Koslow] may review to form a conclusion as to [P]laintiff's employment capabilities. The fact that [Ms. Koslow] is precluded from personally examining [P]laintiff does not preclude [D]efendant[s] from having [Ms. Koslow] testify at trial as to the conclusions [s]he forms pursuant to h[er]

8

review." *Stanislawski*, 134 F.R.D. at 262; *see also Acosta*, 913 F.2d at 209 ("[Defendant] already has the information it seeks to pursue its . . . claim without a repetitive examination of its own.").

Defendants' argument that they will be "unfairly prejudiced" if Ms. Koslow cannot "personally evaluate Ms. Bamberger" is unavailing.[1] *See* Defs.' Mot. Compel at 7–8. This argument ignores that two of Ms. Bamberger's experts—Drs. Paige and Mathur—rendered their conclusions without ever interviewing Ms. Bamberger. *See* Pl.'s Opp'n at 8; Economic Losses Report at 3. Furthermore, Defendants' recorded video deposition and Dr. Panagos' Rule 35 medical examination of Ms. Bamberger provide firsthand accounts that Ms. Koslow can examine. *See* Pl.'s Opp'n at 2; Defs.' Mot. Compel at 4. And Defendants had the opportunity through "interrogatories and document requests" to collect any additional information they needed. *Acosta*, 913 F.2d. at 209. Defendants have therefore failed to demonstrate what another examination would glean that these avenues have not already covered. *See In re Falcon Workover Co., Inc.*, 186 F.R.D. at 353. Accordingly, the Court will not compel Ms. Bamberger to submit to a vocational examination.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Court **GRANTS** Plaintiff's Motion to Compel and **DENIES** Defendant's Motion to Compel. Defendants shall comply with Plaintiff's Motion to Compel by not later than March 30, 2023.

---

[1] Defendants identify one unpublished opinion holding that "[d]efendants would be prejudiced if not allowed to rebut [the plaintiff's VRE] opinion with an independent examination and opinion from their own expert." *Prager v. Campbell Cty. Memorial Hosp.*, 10-cv-202, 2011 WL 13136614, at *3 (D. Wyo. 2011). This Court can only locate one additional authority—also from the District of Wyoming—permitting a vocational examination for the express purpose of rebuttal. *See Bingham v. Adobe Equipment Holdings, Ltd.*, No. 8-cv-56, 2008 WL 11379953, at *2 (D. Wyo. 2008). All things considered, this Court is unpersuaded that Rule 35(a) intended to open the floodgates to compelled medical examinations solely for rebuttal purposes.

This is a final order issued pursuant to Local Rule 72.2. The parties are hereby advised that, under the provisions of Local Rule 72.2(b) of the U.S. District Court for the District of Columbia, any party who objects to this Order must file a written objection thereto with the Clerk of this Court within fourteen days of the party's receipt of this Order. When considering an objection, the District Judge will determine whether this Order is clearly erroneous or contrary to law. *See* LCvR 72.2(c).

Date: March 9, 2023

                                                                                                                                             _____

                                                                                  ZIA M. FARUQUI
                                                                                  UNITED STATES MAGISTRATE JUDGE